WILLIAM H. JEFFERS, appellant,

*v.*

THE NEW JERSEY AND PENNSYLVANIA RAILROAD COMPANY, respondent.

[Submitted July 5th, 1916. Decided November 20th, 1916.]

An order of the chancellor authorized a receiver of railroad property to issue certificates of indebtedness, which should be a first lien "in preference to any mortgage, judgment or other liens or claims."—*Held*, that the allowance to the receiver and his counsel had priority over such certificates which in turn had priority over claims for operating expenses.

On appeal from an order of the court of chancery advised by Vice-Chancellor Howell and reported *ante p. 68.*

*Messrs. Vreeland & Wilson, Mr. Alfred Elmer Mills* and *Mr. Elmer King,* for the appellant.

*Mr. John R. Hardin* and *Mr. Corwin Howell,* for the respondent.

The opinion of the court was delivered by

GARRISON, J.

The only question argued upon this appeal is that of priority between the allowances made to the receiver and his counsel and the amount fixed by an order made in this cause as the sum due upon two certificates issued by the receiver for money advanced to him by the National Iron Bank of Morristown. The decree which accords priority to the allowances made to the court officers rests largely upon our decision in the case of *Chesapeake and Ohio Railway* v. *Atlantic Transportation Co., 62 N. J. Eq. 751.* While we approve of the result reached by the learned vice-chancellor, we do not give so much force as he did to the case cited, in which the question of receiver's certificates was not directly considered. Even if the case showed that such certificates were included in the liabilities of the receiver which were postponed to his allowances, a great deal would depend upon the precise language of such certificates or of the order of the chancellor that authorized their issuance. It is chiefly upon this latter consideration that we think that the present decree should be affirmed, although we do not, of course, question the policy that gives priority to the compensation of those officers and agents upon whom the court must necessarily rely in the administration of its functions. In the present case the chancellor by his order determined, and the certificates recited, the liens over which a preference was given, viz., "mortgages, judgments or other liens and claims." Under the maxim of *"a sociis,"* &c., the liens and claims referred to are similar to those mentioned,

and hence do not include court costs or the expenses of administration; and by the maxim *"expressio unius,"* &c., a preference that is not expressed is excluded. The order of the chancellor, therefore, on which the money was advanced on these certificates, gives them only the preferences stated in such order and postpones them as to recognized charges that are not within such preferences.

Upon the construction of the contract of the bank, therefore, we think that the order appealed from was correct and should be affirmed.

There is another question in the case in which the receiver, as respondent, is not interested. The order directs that the receiver's certificates and the claims for operating expenses should be paid *pro rata.* We think that this is error and that the receiver's certificates are entitled to priority. Again, we are guided by the order recited in the certificates by which these claims either are postponed or would be if reduced to judgments, and it cannot be that a simple contract debt enjoys under this order a priority that is denied to the same claim in the form of a debt of record.

The order should be modified in this respect; in other respects it is affirmed, with costs.

*For affirmance* (with modification)—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—14.

*For reversal*—None.